UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.            Case No. 6:17-cr-268-Orl-41DCI

**JAMUS DIXON,**

    **Defendant.**

_____/

## MOTION TO EXCLUDE JAIL CALLS AND DEA DRUG TESTING REPORT AND EXPERT BASED ON UNTIMELY DISCLOSURE[1]

Pursuant to the Fed. R. Crim. P. 16(d)(2), Defendant Jamus Dixon, through counsel, moves to exclude all jail calls disclosed the afternoon of February 1, 2018 and the DEA drug test report disclosed the evening of January 31, 2018. This case is set for a jury trial on February 5, 2018.

### BACKGROUND

On the evening of January 31, 2018, the government disclosed to Mr. Dixon's counsel a lab report from the DEA and a CV of a forensic chemist named Marie C. Lopez-Balaez. Yesterday late afternoon on February 1, 2018, Mr. Dixon was then informed of the existence of jail calls containing incriminating statements. This morning, February 2, 2018, Mr. Dixon was provided a CD containing 101 jails calls averaging about 15 minutes each (requiring

---

[1] Mr. Dixon has a pending Motion in Limine to exclude the government's experts and 404(b) evidence (Doc. 30). This Motion supplements that motion.

1

approximately 1400 minutes of listening time). According to the government's accompanying e-mail, these jail calls contain incriminating evidence that it intends to introduce at trial along with the recent DEA lab test results and an expert forensic chemist. These calls (statements by Mr. Dixon) date back to September 2017.

As this Court is aware, this is not the first time in this case the government has provided critical discovery to Mr. Dixon in an untimely manner. For example, its ATF nexus report and a CV of Bryan Page, the firearm expert, was disclosed on January 11, 2018. *See also*, *e.g.*, Docs. 46 (Motion to Reconsider Order Denying Motion to Suppress Based on Newly-Disclosed Evidence). As of the filing of this pleading, defense has also not received a written summary of Ms. Lopez-Balaez's or Mr. Page's opinion. This pattern of untimely disclosures violate multiple provisions of Rule 16 such that sanctions under Fed. R. Crim. P. 16(d)(2) are appropriate. Specifically, Mr. Dixon moves this Honorable Court to exclude all untimely evidence disclosed to Mr. Dixon in the past three days. This includes all the jail calls, the DEA lab report, the expert forensic chemist, Marie C. Lopez-Balaez, the ATF Nexus Report, the firearm expert Bryan Page, and any other evidence yet to be disclosed in violation of Rule 16.

Counsel has conferred with Assistant United States Attorney Jackson Boggs and he objects to this motion.

## MEMORANDUM OF LAW AND LEGAL ARGUMENT

The jail calls and the DEA lab report were in the government's possession or control and through due diligence could have complied with the court's Criminal Scheduling Order ("CSO") as well as the constitutional rights that Mr. Dixon has to due process, effective assistance of counsel, and fair trial.

The jail calls and the DEA lab report were (1) within the government's possession, custody, or control; (2) known—or ***through due diligence could have been known***—to exist, and (3) material to preparing the defense or the government intends to use the item in its case-in-chief at trial.  *See* Fed. R. Crim. P. 16(a)(1)(F) and 16(a)(1)(B) (emphasis added).  Thus, these should have been disclosed to Mr. Dixon "within fourteen days" from November 24, 2017.  They were not.  In other words, this evidence is not newly discovered; it is newly put together by the government on the eve of trial.

The late disclosure of forensic chemist, Marie C. Lopez-Balaez, also violates the Rule.  Pursuant to Rule 16 and the CSO, the government "must give to the defendant a written summary of any testimony that the government intends to use under Fed. R. Evid. 702, 703, or 705." Fed. R. Crim. P. 16(a)(1)(G); Doc. 30 at 3.  The "summary must describe the witness' opinions, the bases and the reasons for the opinions, and the witnesses qualifications." *Id.*  And the disclosure must occur "within 14 days" from November 24, 2017.  Like the jail calls and the lab result, this was not done.

The Federal Rules of Criminal Procedure "are to be interpreted to provide for the just determination of every criminal proceeding, to secure simplicity in procedure and fairness in administration, and to eliminate unjustifiable expense and delay."  Fed. R. Crim. P. 2.  In this context, failure to comply with Rule 16 authorize this Court to

> (A) order that party to permit the discovery or inspection; specify its time, place, and manner; and prescribe other just terms and conditions;
>
> (B) grant a continuance;
>
> (C) prohibit that party from introducing the undisclosed evidence; or

(D) enter any other order that is just under the circumstances.

Fed. R. Crim. P. 16(d)(2). As the Eleventh Circuit stated:

> In exercising its discretion, the district court must weigh several factors, and, if it decides a sanction is in order, should fashion the least severe sanction that will accomplish the desired result-prompt and full compliance with the court's discovery orders. Among the factors the court must weigh are ***the reasons for the Government's delay in affording the required discovery***, the extent of prejudice, if any, the defendant has suffered because of the delay, and the feasibility of curing such prejudice by granting a continuance or, if the jury has been sworn and the trial has begun, a recess.

*United States v. Euceda-Hernandez*, 768 F.2d 1307, 1312 (11th Cir. 1985) (internal citations, quotations, and footnotes omitted)(emphasis added). Weighing all of these factors and to prevent a true "trial by ambush," Mr. Dixon submits the multiple Rule 16 violations in this case require exclusion of evidence.

## CONCLUSION

WHEREFORE, Mr. Dixon respectfully requests this Court to exclude all jail calls, the DEA lab report, and forensic chemist Marie C. Lopez-Balaez based on the multiple failures of the government to comply with Rule 16 and the CSO, less than a week before trial.

## CERTIFICATE OF SERVICE

I Hereby Certify that undersigned electronically filed the foregoing motion with the Clerk of Court (CM/ECF) by using the CM/ECF system which will send a notice of electronic filing to the following: E. Jackson Boggs, Jr., Assistant United States Attorney, this the 2nd day of February, 2018.

Respectfully submitted,

DONNA LEE ELM

FEDERAL DEFENDER

*s/Karla M. Reyes*
Karla M. Reyes
Assistant Federal Defender
Florida Bar No.0072652
201 S. Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
E-Mail: karla_reyes@fd.org
Attorney for Jamus Dixon